CASEY v. DUNN.

(*Superior Court of New York City, General Term.* January 6, 1890.)

1. DEED—DESCRIPTION—MISTAKE.
The description in a deed was: "Beginning at * * *; running thence north-easterly, along Grove street; 25 feet; and thence north-westerly, and parallel with Woodruff avenue, 108 feet 9 inches, to lot No. 80, on said map; thence south-westerly, along lot No. 80, 25 feet; and thence south-easterly, and parallel with Woodruff avenue, 108 feet 9 inches, to the westerly side of Grove street, the point or place of beginning. Lines drawn from Grove street, 108 feet 9 inches, parallel to Woodruff avenue, would not reach lot 80 by 5 inches. *Held*, that there was a mistake in describing the length of the lines parallel to Woodruff avenue, and that it was intended that they should extend 109 feet 2 inches, and not that they should run in such a direction that they would reach lot 80 at the distance of 108 feet 9 inches from Grove street.

2. SAME—DEEDS OF ADJACENT PROPERTY.
It being stated with certainty in the deed that such lines were parallel to Woodruff avenue, it is immaterial, in construing the description, that the corresponding lines in the conveyances of neighboring property were at right angles to Grove street, instead of being parallel to Woodruff avenue.

3. ADVERSE POSSESSION—CLAIM OF TITLE.
One cannot acquire title to land by adverse possession where he claims title under a deed which in fact does not include such land in its description.

Appeal from jury term.

Ejectment by Lawrence S. Casey against Eliza Dunn. From a judgment entered on a verdict for defendant, and from an order denying plaintiff's motion for a new trial made on the minutes, plaintiff appeals.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Shepard & Osborne,* for appellant. *Joseph Felterick* and *Meyer Butzel,* for respondent.

SEDGWICK, C. J. The action is in ejectment. The question in the case concerns the construction of the description in several deeds under which plaintiff claims. That description is: "Beginning at a point on the north-westerly side of Grove street, distant 142 feet 8 inches north-easterly from the north-westerly corner of said Woodruff avenue and Grove street; running thence north-easterly, along Grove street, 25 feet, and thence north-westerly, and parallel with Woodruff avenue, 108 feet 9 inches, to lot No. 80 on said map; thence south-westerly, along lot No. 80, 25 feet; and thence south-easterly, and parallel with Woodruff avenue, 108 feet 9 inches, to the westerly side of Grove street, the point or place of beginning." If this description were applied to the land itself, it would appear that the lines said to be parallel to Woodruff avenue, if protracted no more than 108 feet 9 inches, would not reach lot No 80 by 5 inches. If protracted those 5 inches further, they would reach lot No. 80. For this reason the plaintiff claims that those lines should in fact be run, not parallel to Woodruff avenue, but in such a direction that at the end of 108 feet 9 inches they would reach lot No. 80. If this position were right, then the plaintiff showed, as against the defendant, title to the *locus in quo*. The question is, did the grantors intend that the lines should not be parallel, or did they make a mistake, as to the length of those lines, that can be corrected by the other terms of the deed? There is no evidence that the lines were not meant to be parallel to Woodruff avenue. There is certainty in the expression, and the lines can be applied to the land as it was at the time of the various deeds. It is equally certain that they meant that the lines should be extended to lot No. 80, and that the northern boundary should run along that lot. It is the necessary inference from these certainties that there was a mistake in describing the length of the parallel lines 108 feet 9 inches, and that it was intended that those lines should extend 109 feet 2 inches. The learned judge below was correct in his construction of the conveyances.

The plaintiff was not in such an adverse possession of the *locus in quo* that

certain deeds offered to show defendant's title were void, under the statute. To avoid a deed for such a reason, it must appear that the adverse possession was under claim of a specific title, and that the specific title is hostile to the title made by the conveyances. In the present case there was no other specific title claimed than under the deeds that have been construed. By their proper construction they were not in conflict with the conveyances claimed to be void. The plaintiff did not show an adverse possession that, maintained for 20 years, makes it a presumption of title. The fence was not built until 1869. Nor was there any "practical location," as it is called, of a boundary, which would affect plaintiff's title. In the first place, there was not, in fact, any doubt as to the true lines, although the parties may have erred as to the correct position of the lines. In the second place, from the testimony given, the parties actually intended that the fence should be built according to the true and valid positions of the lines.

It was argued by the learned counsel for appellant that from the lines contained in conveyances of neighboring property, some of which were in evidence and some excluded, it was manifest that the lines in question were meant to be, not parallel to Woodruff avenue, but at right angles with Grove street, for the reason that in that case the lines of the deeds under which plaintiff claims would agree in direction with the lines of the conveyances of the neighboring land. The argument is inefficacious, because the grantors of plaintiff had the legal power to convey their property as they saw fit to describe it, although that description might not be made under a system which others used for their property. The judgment and order appealed from should be affirmed, with costs.